IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Crim. No. 14-2942 JAP

CLAYTON RIGEL,

    Defendant.

## ORDER DENYING MOTION TO RELEASE

This matter is before the Court on Defendant Clayton Rigel's Motion to Release Defendant from Custody. *Doc. 25.* The Court considered the motion, the response in opposition (*doc. 26)*, and the reply (*doc. 27)*, together with the United States Pretrial-Probation officer's recommendation. Oral argument is not necessary. For the reasons hereafter stated, the Court has decided to deny the Motion.

Defendant Clayton Rigel was indicted on August 26, 2014 for being a felon in unlawful possession of a firearm in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(2). *Doc. 2*. At his arraignment, Defendant stipulated that he should be detained pending trial. *Doc. 12*. Defendant represents that he has since finished serving his state sentence for violating probation and no longer faces any holds or warrants. *Doc. 25* at 1. As a result, he now asks the Court to release him to the custody of the La Posada half-way house in accordance with the recommendation of his pretrial service officer. *See generally id.*

The Court may not detain Defendant unless it finds that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142.

Defendant acknowledges that, in his case, the starting point for this determination is a rebuttable presumption in favor of detention, pursuant to 18 U.S.C. § 3142(e). According to this presumption, the Court must presume that no conditions of release will reasonably assure Defendant's appearance and the safety of the community unless and until Defendant comes forward with evidence to the contrary. *See United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) ("Once the presumption is invoked, the burden of production shifts to the defendant."). If Defendant presents such evidence, the burden of persuasion regarding risk-of-flight and danger to the community reverts to the government, although the presumption remains a factor in the Court's decision to release or detain. *Id.*

Here, Defendant has identified the following facts to rebut the presumption in favor of detention: (1) he has strong ties to New Mexico, (2) his prior drug abuse contributed to his criminal history and he "wants to demonstrate to the Court that he is ready to rehabilitate himself and change the path that his life has taken thus far," and (3) he would be able to work at West Wide Central Storage if released to the half-way house. *Doc. 25* at 2. The United States opposes Defendant's release, arguing that the evidence against Defendant is strong and emphasizing Defendant's five prior felony convictions, his history of probation violations, and his problems adjusting to supervised release. *Doc. 26* at 1-3.

After considering the factors listed in 18 U.S.C. § 3142(g), the Court agrees with the United States that release is inappropriate in this case. While the Court has limited information about the strength of the case against Defendant, the nature of the offense (illegal possession of a firearm) and Defendant's history and characteristics strongly

suggest that release to the half-way house would not reasonably assure Defendant's appearance or the safety of the community. Defendant admits that he has a history of drug abuse, which has been a contributing factor in his past criminal behavior. *Doc. 25* at 2. His involvement with drugs appears to have continued up until the time he was caught with the illegal firearms that led to his present indictment. (The United States alleges and Defendant does not dispute that he was found in possession of one ounce of heroin and one gram of methamphetamine at the time he was caught with the illegal firearms). *Doc. 26* at 1-2; *see generally doc. 27* (disputing some,[1] but not all, of the facts in the United States' response). While Defendant asserts that he would like an opportunity to "rehabilitate himself," *doc. 25* at 2, Defendant has had several such opportunities in the past and has not made good use of them.

Despite his strong ties to New Mexico, Defendant has continually struggled when placed on probation or supervised release. The United States laid out a detailed history of Defendant's parole violations and failures to appear in its response, which the Court will briefly summarize here. In 2008, Defendant was convicted of Burglary, Forgery, and Possession of a Controlled Substance and was placed on probation. Three months later he violated the conditions of his probation. He was subsequently given a second chance to be on probation, but a warrant was issued for his arrest two months later when he failed to appear. In 2009, he returned to prison to serve a six and a half year sentence. On April 24, 2012, after he was paroled, he again violated his probation. His probation was eventually reinstated. Once again, however, Defendant violated his conditions of probation and was re-incarcerated. *Doc. 26* at 2-3. According to the United States, Defendant's State Probation Officer Camillia Minitrez has reported that "Defendant's

---

[1] The Court has not considered any of the disputed facts in deciding whether to detain Defendant.

3

adjustment on supervision was extremely poor." She further explained that "she had continuous issues with the Defendant including being untruthful about employment, failing to show proof of employment, failing to report to the probation office, failing to reside at his reported residence . . ." *Id.* at 3. Finally, the United States claims that Defendant's most recent probation violation was for absconding from supervision. *Id.* Defendant has not challenged any of the above facts or statements, which establish that Defendant has a clear pattern of failing to comply with Court orders despite the adverse consequences.

Given Defendant's criminal history, his failure to comply with Court directives, and the presumption that weighs against him, the Court finds by a preponderance of evidence that no combination of conditions can reasonably assure Defendant's appearance at Court proceedings. Additionally, the Court finds by clear and convincing evidence that no combination of conditions can reasonably assure or the safety of the community if Defendant is released. Therefore, the Court denies Defendant's Motion for Release.

**IT IS SO ORDERED.**


/s/ Steven C. Yarbrough_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE